RCK:brooklyn ave final

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| 329 BROOKLYN AVENUE, etc. | : Civil No. WMN-02-2823 |
| Defendant, | : |
| | : |
| and | : |
| | : |
| **DAISY BOLDEN,** | : |
| Claimant. | : |

...oOo...

**MOTION FOR**
**FINAL ORDER OF FORFEITURE**

Plaintiff, the United States of America, through undersigned counsel, hereby requests an order of forfeiture, and in support therefor states as follows:

1. The Verified Complaint for Forfeiture of the defendant property, which, the government submits, sets forth probable cause for the forfeiture of the defendant property, was filed on or about August 23, 2003.

2. On or about November 29, 2003, the United States Marshal posted notice of the forfeiture proceedings in accordance with 18 U.S.C. section 985(c)(1)(B).

3. Land records for Caroline County indicate that the defendant property is owned by Calvin E. Bolden and the claimant and that there is no lienholder.

4.   On or about December 20, 2002, the claimant, Daisy Bolden filed a claim in this case.

5.   Notice of the pendency of this case was mailed to Calvin E. Bolden at the defendant property.  Calvin E. Bolden died on September 23, 2002, without filing a claim.

6.   Notice of the pendency of this forfeiture was published in the Times Record, a newspaper of general circulation in the Caroline County area, on or about December 11, 2002, pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims, and pursuant to Local Admiralty Rule (c)(2).  A copy of the advertising certification is annexed hereto as **Exhibit A**.

7.   No claimant, other than Daisy Bolden, has come forward within the time allotted by law for the filing of claims, which is within thirty (30) days of the service of process or of publication.  18 U.S.C. section 983(a)(4)(A).

8.   By agreement dated July 23 through 29, 2003, the government and the claimant agreed to a disposition of the defendant real property.  A copy of that agreement is annexed hereto as **Exhibit B**.  In paragraph 2(a) of the agreement, the claimant agreed to submit a check in the amount of $2,500, and in paragraph 4 the parties agreed that the check would stand as a substitute defendant for the real property, which the government agreed to release.

9.   In paragraph 1 of the agreement, the parties agreed that

a copy of the agreement would be submitted in support of this joint motion for a final order of forfeiture.

**WHEREFORE,** the government respectfully requests that the Court issue a final order of forfeiture in conformance with the attached draft order that is submitted for the convenience of the Court.

    Respectfully submitted,

    Thomas M. DiBiagio
    United States Attorney

    _____
    Richard C. Kay
    Assistant United States Attorney
    820 United States Courthouse
    101 West Lombard Street
    Baltimore, Maryland 21201
    (410) 962-4822     Bar No. 06766

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2003, a copy of the forgoing Motion for Final Order of Forfeiture was mailed, postage pre-paid, to:

Martin H. Schreiber II, Esquire
120 E. Baltimore Street
Suite 1700
Baltimore, Maryland 21202

    _____
    Richard C. Kay
    Assistant United States Attorney

```
RCK:brooklyn ave final
```
                   **IN THE UNITED STATES DISTRICT COURT**
                      **FOR THE DISTRICT OF MARYLAND**
                            **Northern Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
|     **Plaintiff,** | : |
| | : |
|   **v.** | : |
| | : |
| **329 BROOKLYN AVENUE, etc.** | :   **Civil No. WMN-02-2823** |
|     **Defendant,** | : |
| | : |
|   **and** | : |
| | : |
| **DAISY BOLDEN,** | : |
|     **Claimant.** | : |
| | ...oOo... |

## FINAL ORDER OF FORFEITURE

Upon review of the government's Motion for Final Order of Forfeiture, which was filed with the apparent concurrence of the claimant, and the pertinent record, it is this \_\_\_\_\_ day of August 2003, **ORDERED, ADJUDGED, AND DECREED** as follows:

    1.    The United States of America has provided notice of the pendency of this forfeiture action in accordance with 18 U.S.C. section 985;

    2.    The time for the filing of any claim to contest this forfeiture has expired and no claimant, other than Daisy Bolden has come forward;

    3.    The United States of America has shown that there was reasonable cause for the initiation of the forfeiture action within the meaning of 28 U.S.C. section 2465;

    4.    The claimant has agreed to submit a check in the amount of $2,500 to stand as the substitute defendant and the government has agreed to release the defendant property;

    5.    The substitute defendant property is condemned and all rights, title, and interest of Daisy Bolden, and any and all other persons, are hereby forfeited to the United States of America in accordance with the Settlement Agreement that is annexed as **Exhibit B** to the government's motion; and

    6.    The United States Marshal Service shall dispose of the substitute defendant property in accordance with law and in accordance with the Settlement Agreement annexed as **Exhibit B** to the government's motion.

                                        _____
                                        William M. Nickerson
                                        United States District Judge