RCK:brooklyn ave settlement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **329 BROOKLYN AVENUE, etc.,** : | Civil No. WMN-02-2823 |
| Defendant, : | |
| : | |
| and : | |
| : | |
| **DAISY BOLDEN,** : | |
| Claimant. : | |

...oOo...

**SETTLEMENT AGREEMENT**

This Settlement Agreement is made by and between Daisy Bolden ("the claimant") and the United States of America ("the government"):

**WHEREAS**, this case was initiated by the filing of a Verified Complaint for Forfeiture on or about August 23, 2002, which, the government submits, sets forth reasonable cause to believe that the defendant property, 329 Brooklyn Avenue, Federalsburg, Maryland, is forfeitable pursuant to 21 U.S.C. section 881(a)(7); and

**WHEREAS**, the government recorded a lis pendens pertaining to this case in the land records of Caroline County as to the defendant property; and

**WHEREAS**, the U.S. Marshals Service posted notice of these proceedings at the defendant property on November 29, 2002; and

**WHEREAS**, land records for Caroline County indicate that the defendant property is owned by Calvin E. Bolden and the claimant and that there is no lienholder; and

**WHEREAS**, Calvin E. Bolden died on September 23, 2002; and

**WHEREAS**, the claimant filed a claim through counsel on or about December 20, 2002; and

**WHEREAS**, notice of the pendency of this forfeiture was published in the Times Record, a newspaper of general circulation in the Caroline County area, on or about December 11, 2002; and

**WHEREAS**, no other claimants have come forward as of the date of this agreement; and

**WHEREAS**, there are no other known owners, liens, or judgments pertaining to the defendant property; and

**WHEREAS**, the claimant neither admits nor disputes the government's assertion that reasonable cause existed for the seizure and forfeiture of the defendant property; and

**WHEREAS**, the claimant and the government wish to reach a fair and expedited resolution to this matter;

**NOW, THEREFORE,** for the foregoing reasons and for good and substantial consideration, the adequacy and receipt of which is hereby acknowledged, the claimant and the government agree as follows:

1. The parties agree that a copy of this agreement shall be submitted to the Court in support of a motion for a final order of forfeiture that conforms to the terms of this agreement.

2.  (a)  The claimant agrees to submit a certified check or an official bank check in the amount of $2,500 to the United States Attorney's Office, 6625 U.S. Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201, within 30 days of the date of government counsel's execution of this agreement. The check shall be made payable to the U.S. Marshals Service.

(b)  The parties agree that the government's receipt of the check mentioned in this paragraph shall be a condition precedent to the government's obligation to file a release of the lis pendens in accordance with paragraph 3.

(c)  If the claimant's payment in accordance with this paragraph is late, the claimant agrees to pay interest on the due payment at the annual rate of 10%.

3.  The government agrees to file a release of the lis pendens that was filed in Caroline County upon receipt of the check described in paragraph 2.

4.  The parties agree that the check described in paragraph 2 shall be treated as the defendant property in this case for all purposes including jurisdiction and disposition, in accordance with 19 U.S.C. section 1613(c). The government agrees that a final order of forfeiture as to the substitute defendant property shall operate as a final order as to the defendant property based on the allegations in the Verified Complaint.

5.  The claimant agrees to forfeit all rights, title, and interest in the substitute defendant check described in paragraph 2.

6. The claimant agrees to indemnify and hold the government harmless from and against all claims, damages, losses, and action raised or sustained by third parties resulting from or arising out of the release of the property to the claimant.

7. The parties agree that any notes and liens pertaining to the defendant real property shall continue in full force and effect.

8. Each party agrees to bear its own costs and attorney fees in pursuing and defending the forfeiture.

9. This agreement states the entire agreement reached between the parties hereto.

                                          Thomas M. DiBiagio
                                          UNITED STATES ATTORNEY

_____                    _____
Date                              Richard C. Kay
                                  Assistant United States Attorney
                                  Attorney for Plaintiff
                                  United States of America

_____                    _____
Date                              Daisy Bolden

_____                    _____
Date                              Martin H. Schreiber, II, Esquire
                                  Attorney for Daisy Bolden